UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| NICHOLAS & ANASTASIA BOODRIS, | ) | CASE NO. 09-21477 |
| | ) | |
| | ) | HON. PAMELA S. HOLLIS |
| Debtors. | ) | Hearing Date: July 24, 2012 |
| | | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant:   GUS A. PALOIAN, Chapter 7 Trustee

Date of Order Authorizing Employment:   June 12, 2009

Period for Which
Compensation is Sought:   June 12, 2009, through the close of the case

Amount of Fees Sought:   $3,541.21

Amount of Expense
Reimbursement Sought:   $0.00

This is an:                              Interim Application _____   Final Application: __X__

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:   June 11, 2012            By:   /s/ Gus A. Paloian
                                        Applicant: GUS A. PALOIAN, Chapter 7 Trustee

14488616v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-21477 |
| | ) | Chapter 7 |
| NICHOLAS & ANASTASIA BOODRIS, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtors. | ) | |
| | ) | Hearing Date:  July 24, 2012 |
| | ) | Hearing Time:  10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION  TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtors (the "Debtors"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $3,541.21 in final compensation (the "Fees") for services rendered in the above-captioned case from June 12, 2009, through the closing of the case (the "Application Period").  In support of this Application, the Trustee respectfully states as follows:

**I. JURISDICTION**

1.     This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

14488616v.1

## II. BACKGROUND

### A. Procedural Background

2. On June 12, 2009, the Debtors filed their voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3. Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case.

### B. Overview of Asset Recoveries for the Estate

### Sale of Personal Property

4. The Trustee sold the Debtors' personal property consisting of a gun collection and antique slot machines (collectively, the "Property") pursuant to Court orders dated December 10, 2009 and March 18, 2010, respectively. As a result of the sale of the Property, the Trustee recovered gross proceeds of $27,907.00 on behalf of the Estate's creditors.

### C. Services Rendered by the Trustee to the Estate

5. During the Application Period, the Trustee performed 24.00 hours of actual and necessary services on behalf of the Estate, worth a total value of $5,272.50. Further, the Trustee estimates that he will perform an additional three hours of service, with a total value of $1,100.00, in connection with his appearance at the final hearing, preparation of the final distribution and preparation and filing of his final account. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

6. The services included, but were not limited to, the following:

    A. Analyzing the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs; conducting a Section 341 examination of the Debtors; conducting an investigation of the Debtors' assets and financial affairs;

  B. Instructing counsel to prepare necessary pleadings and motions in the case;

  C. Communicating and coordinating with the Trustee's auctioneers to arrange for the sale of the Property;

  D. Reviewing schedules, bank ledgers and claims in preparation of final report;

  E. Communicating with tax accountants with respect to evaluating the Estate's tax obligations;

  F. Maintaining Estate's bank accounts, performing bank reconciliations and investing the funds collected and liquidated; and

  G. Preparing reports, as required, by the United States Trustee.

### III. RELIEF REQUESTED

7. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize the him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

8. Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

9. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp.,

14488616v.1

98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.).  This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services."  Churchfield Mgmt. & Inv. Corp., supra.  In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

10.    The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit.  See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

11.    In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
>   (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person;  and
>   (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

12.    "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]"  In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

14488616v.1

13. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

14. This Application is the Trustee's first and final application for compensation in this Case.

15. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $3,541.21.

16. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

17. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $22,912.12 disbursed | = | $2,291.21 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $3,541.21 |
| **COMPENSATION REQUESTED** | = | **$3,541.21** |

18. As of the date of the Application, the Trustee collected $27,912.12 for the benefit of the Estate and disbursed $6,177.60. There will not be a surplus of funds turned over to the Debtors in this case.

19. The Trustee requests allowance of final compensation in this case in the amount of $3,541.21. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

14488616v.1

20. The Trustee believes that the compensation requested is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estate and its creditors.

### VI. NO PRIOR REQUEST

21. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtors' Estate, respectfully requests that the Court enter an Order:

    A. Allowing and awarding compensation to Trustee in the amount of $3,541.21 on a final basis;

    B. Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

    C. Granting such other and further relief as the Court deems just and proper.

Dated: June 11, 2012

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely as the Chapter 7 Trustee of the bankruptcy estate of Nicholas Chris and Anastasia Boodris, Debtors

By: /s/ Gus A. Paloian
Gus A. Paloian (06188186)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000

14488616v.1

# EXHIBIT 1

14488616v.1

**T TRUSTEE**

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 11/20/09 | N. Bouchard | Cause Trustee's initial report of assets to be filed with the Court. | 0.10 | 10.50 |
| 12/17/09 | J. McManus | Prepare case status report. | 0.30 | 69.00 |
| 12/30/09 | J. McManus | Revise Form 3. | 0.10 | 23.00 |
| 01/08/10 | J. McManus | Prepare Annual Report. | 0.20 | 47.00 |
| 01/13/10 | J. McManus | Update Assets ledger in preparation for Annual Report. | 0.30 | 70.50 |
| 01/19/10 | J. McManus | Enter scheduled assets into TCMS. | 0.30 | 70.50 |
| 01/19/10 | N. Bouchard | Retrieve HRA Realty listing agreement for G. Paloian. | 0.10 | 11.00 |
| 01/25/10 | J. McManus | Revise Form 2. | 0.10 | 23.50 |
| 01/26/10 | J. McManus | Review and revise Form 1. | 0.20 | 47.00 |
| 01/26/10 | N. Bouchard | Assist J. McManus in preparation of final report. | 0.90 | 99.00 |
| 01/27/10 | J. McManus | Revise and finalize Form 1. | 0.10 | 23.50 |
| 02/02/10 | N. Bouchard | Download Schedules B and C for G. Paloian regarding retention of Chicago Liquidators to sell antique slot machine. | 0.20 | 25.00 |
| 03/11/10 | J. McManus | Download annual Forms 1 & 2 and cause same to be filed with the Court. | 0.30 | 70.50 |
| 03/23/10 | N. Bouchard | E-mail correspondence to Chris Matsakis at Chicago Liquidator Services to coordinate pick-up of assets to be liquidated by same. | 0.20 | 25.00 |
| 03/25/10 | N. Bouchard | Phone conversation with Chicago Liquidator Services employee regarding arrangements to retrieve assets from Debtors. | 0.10 | 12.50 |
| 03/26/10 | N. Bouchard | Phone conversation with Chicago Liquidators Services regarding available dates to pick up slot machine from Debtors' residence (.10); e-mail to Debtor's counsel regarding same (.10). | 0.20 | 25.00 |
| 04/21/10 | G. Paloian | Communications with C. Matsakis regarding sale of slot machines. | 0.20 | 111.00 |
| 05/07/10 | N. Bouchard | Review and cross-reference list of firearms being auctioned off for the Estate (.40); e-mail to Dan Kull regarding same (.20). | 0.60 | 75.00 |
| 05/18/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 07/07/10 | J. McManus | Confer with N. Bouchard regarding case status (.10); contact Chicago Liquidators regarding asset liquidation (.10). | 0.20 | 47.00 |

14488622v.1

| **Date** | **Timekeeper** | **Description** | **Hours** | **Value** |
|---|---|---|---|---|
| 07/08/10 | J. McManus | Review and confirm list of sold inventory (.20); receipt and deposit of funds from liquidation of assets (.20). | 0.40 | 94.00 |
| 07/09/10 | J. McManus | Open Money Market Account (.10); deposit funds received for sale of slot machine and record accordingly (.20); prepare W-9 and forward same to Bank of America (.10). | 0.40 | 94.00 |
| 07/14/10 | J. McManus | Follow-up regarding case status. | 0.10 | 23.50 |
| 07/16/10 | J. McManus | Follow-up regarding sales of firearms (.10); follow-up regarding sale of timeshares (.20); discuss same with G. Paloian (.10). | 0.30 | 70.50 |
| 07/19/10 | J. McManus | Deposit funds related to sale of firearms (.20); discuss further liquidation of assets with G. Paloian (.10). | 0.30 | 70.50 |
| 08/03/10 | J. McManus | Prepare case status report . | 0.10 | 23.50 |
| 08/27/10 | J. McManus | Investigate status, revise status report and prepare for case status meeting with G. Paloian and R. Podorovsky (.10); attend meeting regarding same (.20). | 0.30 | 70.50 |
| 08/27/10 | R. Knapp | Review case file and docket for information needed to close case (.20); review assets to verify complete administration of all assets (.20); memo regarding: work to be done (.20). | 0.60 | 132.00 |
| 08/30/10 | J. McManus | Confer with L. West regarding tax return requirement (.10); review file regarding prior tax returns (.10); review claims register (.10). | 0.30 | 70.50 |
| 09/01/10 | J. McManus | Run draft distribution report for G. Paloian. | 0.30 | 70.50 |
| 09/01/10 | A. Shepro | Confer with J. McManus about sold assets (.10); review schedules, motions to sell assets, and asset valuations for J. McManus (.40). | 0.50 | 40.00 |
| 09/21/10 | J. McManus | Revise case status report. | 0.10 | 23.50 |
| 09/28/10 | J. McManus | Confer with G. Paloian regarding case closing. | 0.10 | 23.50 |
| 10/19/10 | J. McManus | Confer with R. Podorovsky regarding case status. | 0.10 | 23.50 |
| 10/29/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 10/29/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 11/01/10 | J. McManus | Reconcile bank accounts. | 0.10 | 23.50 |
| 12/06/10 | J. McManus | Prepare case status report. | 0.20 | <u>47.00</u> |
| 01/13/11 | J. McManus | Revise Form 3 for Annual Report. | 0.20 | 49.00 |
| 01/25/11 | J. McManus | Revise Form 2 for Annual Report. | 0.20 | 49.00 |
| 01/31/11 | J. McManus | Revise Form 2. | 0.20 | 49.00 |

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 02/08/11 | J. McManus | Revise Form 1. | 0.20 | 49.00 |
| 02/15/11 | J. McManus | Prepare case status report for quarterly review with G. Paloian. | 0.20 | 49.00 |
| 02/16/11 | J. McManus | Revise case status report. | 0.20 | 49.00 |
| 02/25/11 | A. Shepro | Compile docket and petitions from case for G. Paloian. | 0.20 | 17.00 |
| 03/07/11 | A. Shepro | Reconcile bank January bank statements (.10); compileJanuary and December bank statements and reconciliations for filing (.10). | 0.20 | 17.00 |
| 03/31/11 | J. McManus | Review case status. | 0.20 | 49.00 |
| 04/08/11 | R. Knapp | Review schedules for information needed to close case (.10); phone call to Debtor's attorney for information regarding cost basis of estate property (.10). | 0.20 | 46.00 |
| 04/18/11 | A. Shepro | Reconcile March bank statements (.10), and file (.10). | 0.20 | 17.00 |
| 05/27/11 | R. Knapp | Review status of case (.10); review claims (.10); update status of claims in TCMS (.20). | 0.40 | 92.00 |
| 06/27/11 | A. Shepro | Reconcile bank statements (.10), and file (.10). | 0.20 | 17.00 |
| 11/02/11 | A. Shepro | Reconcile August (.10) and September (.10) Bank of America account statements. | 0.20 | 17.00 |
| 11/06/11 | J. McManus | Prepare October cash flow spreadsheet. | 0.10 | 24.50 |
| 11/29/11 | R. Knapp | Prepare/compile documents for transfer of estate bank accounts | 0.40 | 92.00 |
| 12/02/11 | R. Knapp | Reconcile Estate account | 0.10 | 23.00 |
| 01/04/12 | J. McManus | Prepare Annual Report. | 0.20 | 51.00 |
| 01/17/12 | R. Knapp | Update system with recent account activity as needed in preparation of interim reports. | 0.30 | 72.00 |
| 01/23/12 | J. McManus | Prepare Annual Report. | 0.20 | 51.00 |
| 01/29/12 | R. Knapp | Update banking records to record recent transactions (.20); perform bank account reconciliation (.20). | 0.40 | 96.00 |
| 01/30/12 | J. McManus | Revise Annual Report. | 0.30 | 76.50 |
| 03/15/12 | J. McManus | Assemble bank statements for J. Nelson at UST's office in preparation for audit (.20). | 0.20 | 51.00 |
| 04/18/12 | J. McManus | Review sale of assets and reporting for auditors (.30); run/review forms 1 and 2 for audit (.20). | 0.50 | 127.50 |
| 04/20/12 | J. McManus | Revise forms 1 and 2 for audit. | 0.20 | 51.00 |

14488622v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 04/27/12 | R. Knapp | Review case file, claim register and docket for information needed to prepare TFR (.60); memo to file and Trustee regarding: same (.10). | 0.70 | 168.00 |
| 05/16/12 | R. Knapp | Further review of docket, case file and claim register for information needed to prepare TFR, NFR and related documents (.80); update system as necessary with information for preparation of TFR, NFR and related documents (1.50); begin preparation of Trustee fee application (.20) | 2.50 | 600.00 |
| 05/20/12 | R. Knapp | Update system with gross sale proceeds from auction of guns and slot machine to report expenses paid to auctioneers as allowed per court orders (.60); review forms 1 and 2 for preparation of TFR (.30); compute Trustee compensation and proposed distribution (.20); prepare Trustee final fee application (2.00); prepare coversheet, proposed order and exhibits (.50); input final claim amounts into system (.20); prepare TFR (1.00); and NFR (.50); memo to G. Paloian regarding: same (.10). | 5.40 | 1,296.00 |
| | | **TOTALS** | **24.00** | **$5,272.50** |

14488622v.1