**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-21477 |
| | ) | Chapter 7 |
| NICHOLAS CHRIS BOODRIS and | ) | |
| ANASTASIA BOODRIS | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtors. | ) | Hearing Date: July 24, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR
COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP
AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN**

<u>Name of Applicant</u>:                          Seyfarth Shaw LLP

Authorized to Provide
<u>Professional Services to</u>:               Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                          December 10, 2009, effective as of June 12, 2009

Period for which Compensation
<u>and Reimbursement is Sought</u>:       June 12, 2009 through the close of the case

Amount of Final Compensation
<u>Sought</u>:                                       $6,015.00

Amount of Final Expense
<u>Reimbursement Sought</u>:              $61.40

<u>This is a</u>:      __X__ Final       _____ Interim Application.

<u>Prior Applications</u>:  None

Dated: June 11, 2012                        Respectfully submitted,

                                                   GUS A. PALOIAN, not individually or
                                                   personally, but solely in his capacity as the
                                                   Chapter 7 Trustee of the Debtors' Estate,

                                                   By:/s/ Gus A. Paloian_____
                                                       Gus A. Paloian (06188186)
                                                       James B. Sowka (6291998)
                                                       SEYFARTH SHAW LLP
                                                       131 South Dearborn Street
                                                       Suite 2400
                                                       Chicago, Illinois 60603
                                                       Telephone:  (312) 460-5000
                                                       Facsimile:  (312) 460-7000

14488632v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-21477 |
| | ) | Chapter 7 |
| NICHOLAS CHRIS BOODRIS and | ) | |
| ANASTASIA BOODRIS | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtors. | ) | Hearing Date: July 24, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE
REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL
TO CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM JUNE 12, 2009 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth

Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely

in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate

(the "Estate") of the above-captioned debtors (the "Debtors"), hereby submits its First and Final

Application for Compensation and Expense Reimbursement (the "Application") for legal

services performed, and expenses incurred, during the period of June 12, 2009, through the close

of the case (the "Application Period"). In support of this Application, Seyfarth respectfully

represents, as follows:

## I.  INTRODUCTION

1.      Seyfarth makes this Application pursuant to:  (A) Sections 330, 503(a) and (b),

and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended

(the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy

Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the

Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court");
(E) that certain Order of the Court, dated December 10, 2009, authorizing Seyfarth's retention as
counsel to the Trustee effective as of June 21, 2009 (the "Seyfarth Retention Order"); and (F)
other applicable case law discussed herein (collectively, the "Authorities for Relief"). In this
regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2.      In making this Application, Seyfarth respectfully seeks an Order of this Court
awarding and authorizing payment from the Estate of final allowance of compensation in the
amount of $6,015.00 (the "Fees") for professional services rendered by Seyfarth on behalf of the
Trustee during the Application Period and for reimbursement of expenses in the amount of
$61.40 (the "Expenses") for actual and necessary expenses incurred by Seyfarth in the
performance of those services.

## II. JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and
1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating
Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of
this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.
Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and
(b)(2)(A), (M), and/or (O). The predicates for the relief requested herein are 11 U.S.C. §§
105(a), 330, and 331.

## III. BACKGROUND

### A.      Case Background

4.      On June 12, 2009 (the "Petition Date"), the Debtors filed their voluntary petition
for relief under Chapter 7 of the Bankruptcy Code thereby initiating this case (the "Case").

14488632v.1

5.      Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

6.      Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order.  A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

7.      The Trustee directed Seyfarth to prepare motions requesting Court authority sell the Debtors' personal property consisting of a gun collection and antique slot machines (collectively, the "Property").  On behalf of the Trustee, Seyfarth obtained court authority to conduct sales of the Property pursuant to Court orders dated December 10, 2009 and March 18, 2010, respectively.  As a result of the authorized sales, the Trustee recovered gross proceeds of $27,912.12 for the benefit of the Estate.

**B.      Summary of Services Rendered by Seyfarth to the Trustee**

8.      This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

9.      Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

10.      In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case.  Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

4

14488632v.1

11.     The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $6,015.00.

12.     All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.  During the Application Period, Seyfarth has rendered 30.90 hours of professional services.

13.     A breakdown of the Fees by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $540.00 (2009) | 2.70 | $1,458.00 |
| James B. Sowka | Sr. Associate | $310.00 (2009) | 0.60 | $186.00 |
| M. Ryan Pinkson | Associate | $280.00 (2009) $295.00 (2010) | 2.90 | $833.00 |
| Jennifer M. McManus | Paralegal | $230.00 (2009) $245.00 (2011) | 0.60 | $144.00 |
| Ricki Knapp-Podorovsky | Paralegal | $220.00 (2010) $240.00 (2012) | 6.10 | $1,424.00 |
| Nina Bouchard | Former Paralegal | $105.00 (2009) $110.00 (2010) | 17.50 | $1,927.50 |
| Alice Shepro | Case Asst. | $85.00 (2011) | 0.50 | $42.50 |
| TOTAL: | | | 30.90 | $6,015.00 |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

14488632v.1

14.     Biographies for the attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

15.     Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

16.     The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Property which realized gross proceeds of nearly $28,000.00 for the benefit of the Estate and general case administration matters and include, but are not limited to:  representing and advising the Trustee with respect to sale of the Property; preparing and presenting the Trustee's Motion to Employ Auctioneer to Sell the Debtors' Gun Collection and the Trustee's Motion to Employ Auctioneer to Sell the Slot Machine; preparing and presenting the Trustee's Motion to Employ Attorneys; as requested by the Trustee, preparing and presenting the Trustee's Motion to Employ a Real Estate Broker to Sell the Estate's interest in certain timeshares (ultimately, the Trustee did not receive any offer to purchase the Estate's interest in the timeshares, and will abandon the Estate's interest in that property at closing); Seyfarth  investigated the Estate's interest in a state court judgment and advised the Trustee as to the collectability of the asset; preparing this Application; and otherwise advising the Trustee as to his duties and obligations under the Code.  In connection with the foregoing, Seyfarth has expended 30.90 hours of services for which it requests compensation in the amount of $6,015.00.

17.     All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Detailed statements of the services performed during the Application Period are attached hereto as **Exhibit 3**.

14488632v.1

18.     Seyfarth respectfully submits that its services to the Trustee during the

Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate,

as further discussed herein.

19.      "Section 330(a) [ ] expressly contemplates compensation for preparation of fee

applications." Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002),

cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060

(2003); see 11 U.S.C. § 330(a)(6).

### C.     Reasonableness of Compensation Requested

20.     In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable

compensation for actual and necessary services provided to the Trustee.  Such compensation is

fair based upon the time, nature, extent and value of such services and the hours expended and

the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the

Estate, as discussed *supra*.

21.     Seyfarth has kept its time in tenths of an hour, or six minute increments, to most

accurately reflect the specific tasks performed.

22.     Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent

by its attorneys engaging in intra-office conferences and double-staffing hearings.

23.     Under the circumstances, the compensation requested by Seyfarth is fair and

reasonable, and its allowance and payment, in full, is justified.

### D.     Expenses Incurred by Seyfarth on behalf of Trustee

24.     Seyfarth has incurred actual and necessary expenses in the amount of $61.40 in

the performance of the services rendered to the Trustee in the Case.  The expenses primarily

relate to photocopying of pleadings filed with the Court.  A detailed listing of the expenses

incurred is attached hereto as **Exhibit 4**.

7

14488632v.1

## IV.  STATEMENT OF APPLICANT PURSUANT
## TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

25.     Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to

share any compensation or expense reimbursement as a result of the Case with any person, firm

or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or

entity concerning the sharing of compensation or expense reimbursement received, or to be

received, on account of the Case.

## V.  RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.     Allowing Seyfarth final compensation in the total amount of $6,015.00;

B.     Allowing Seyfarth reimbursement of expenses in the amount of $61.40; and

C.     Granting such other and further relief as this Court deems proper.

Dated:  June 11, 2012                        Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of the Debtors' Estate,

By:/s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

14488632v.1

# Exhibit 1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-B-21477-PSH |
| | ) | Chapter 7 |
| NICHOLAS CHRIS BOODRIS and | ) | |
| ANASTASIA BOODRIS, | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER AUTHORIZING AND APPROVING RETENTION
### AND EMPLOYMENT OF SEYFARTH SHAW LLP AS
### COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN

This matter having been presented to the Court upon the Application of Gus A. Paloian,

not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of the above-captioned debtors, and upon the accompanying

Affidavit of James B. Sowka (the "Sowka Affidavit"), for an order authorizing the employment

of Seyfarth Shaw LLP ("Seyfarth") as counsel to represent the Trustee in the above-captioned

case (the "Case"); and it appearing to the Court that proper notice of this Application has been

provided pursuant to applicable rules and statutes and that no further notice is necessary or

required; and the Court being satisfied based on the representations made in the Application and

the accompanying Sowka Affidavit that, except as set forth therein, Seyfarth does not represent

any interest that is adverse to the Estate and is disinterested under Section 101(14) of the

Bankruptcy Code, and that its employment is necessary and is in the best interests of the Estate;

and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED, that in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the

Trustee is authorized and empowered to retain and employ Seyfarth as his counsel effective as of

June 12, 2009, on the terms and conditions (the "Terms and Conditions") set forth in the

Application and the Sowka Affidavit attached to the Application, and Seyfarth is authorized to

perform all of the legal services for the Trustee referenced in the Application on such Terms and

Conditions; and it is further

ORDERED, that Seyfarth's compensation and reimbursement in respect of its fees and

expenses incurred representing the Trustee shall be subject to further order of the Court in

accordance with the procedures and standards set forth in sections 330 and 331 of the Code, such

Federal Rules of Bankruptcy Procedure as may be applicable from time to time, and such

procedures as may be fixed by order of this Court.

Dated: _____ **DEC 10 2009**          _____
                                        HONORABLE PAMELA S. HOLLIS
                                        UNITED STATES BANKRUPTCY JUDGE

- 2 -

# Exhibit 2

14488632v.1

**SEYFARTH SHAW LLP**
ATTORNEYS



## Gus A. Paloian
*Partner*
Chicago
Direct: (312) 460-5936
Fax: (312) 460-7936
gpaloian@seyfarth.com
vCard

---

## Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Distressed Transactions

Non-Bankruptcy Remedies

Government Contracts

Commercial Litigation

Real Estate

Development & Construction

Debtor Representation

Mr. Paloian is a partner with a practice emphasis in creditors' rights, bankruptcy, and financial litigation. Prior to joining the Firm in 1985, Mr. Paloian clerked for the Honorable Frederick J. Hertz, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

In bankruptcy matters, Mr. Paloian has often represented national banks and finance companies enforcing their remedies and defending their rights. He has represented financial institutions in cases involving debtors in various segments of the manufacturing and service industries and has extensive experience representing financial institutions in real estate bankruptcies, including health club/sporting facilities, office buildings, manufacturing, and warehousing facilities. Mr. Paloian also represents companies in various industries that have experienced financial problems and seek to restructure their financial problems under the Bankruptcy Code. Mr. Paloian was the lead bankruptcy counsel for the Chicago South Shore and South Bend Railroad in its bankruptcy proceedings. Mr. Paloian also serves as a bankruptcy trustee and is a member of the Panel of Trustees for the Northern District of Illinois, Eastern Division.

## Education

- J.D., DePaul University College of Law (1984)
  *cum laude*
- B.A., Northwestern University (1981)
- Certified Lean Six Sigma Yellow Belt

## Admissions

- Illinois

## Affiliations

- American Bankruptcy Institute
- Turn Around Management Association
- National Association of Bankruptcy Trustees
- Chicago Bar Association (Bankruptcy Committee)
- Illinois Bar Association
- American Bar Association

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.



**James B. Sowka**
*Associate*
Chicago
Direct: (312) 460-5325
Fax: (312) 460-7325
jsowka@seyfarth.com | vCard

## Biography

**Practices & Sectors**

**Bankruptcy,
Workouts &
Business
Reorganization**

Bankruptcy Litigation

Debtor
Representation

Insurance

Mr. Sowka is a senior associate in the Chicago office of Seyfarth Shaw LLP.  He practices in the areas of bankruptcy law, creditor rights, and commercial and real estate litigation in both federal and state court.  His client representations include secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees, and preference action defendants.  Mr. Sowka is also a member of the Seyfarth*Lean* initiative for landlord-tenant issues in retail bankruptcy cases.  Seyfarth*Lean* adopts Lean Six Sigma methodologies through application of a process-driven methodology that involves mapping the delivery of services in order to identify efficiencies and to better predict costs for our clients.

Prior to joining the firm, Mr. Sowka worked as a trial attorney for the U.S. Department of Justice, Office of the U.S. Trustee in both Chicago, Illinois and Miami, Florida where he gained significant experience with bankruptcy asset sales, chapter 11 plan confirmations, chapter 11 trustee and examiner appointments, and investigation and prosecution of bankruptcy fraud and abuse.

Mr. Sowka is an active member of the bar in Illinois and Florida.  At the University of Arizona College of Law, Mr. Sowka was a member of the national moot court team and a judicial extern for the Honorable John F. Kelly in Pima County Superior Court in Tucson, Arizona.

## Education

- J.D., University of Arizona College of Law (2004)
- B.A., University of Illinois (1998)
  Phi Kappa Phi; College Honors

## Admissions

- Florida
- Illinois

## Courts

- U.S. District Court for the Northern District of Illinois
- U.S. Court of Appeals for the Seventh Circuit
- U.S. District Court for the Southern District of Florida

## Affiliations

Chicago Bar Association

- Director, Young Lawyers Section (2011-2012)
- Co-Chair, Young Lawyers Section Bankruptcy Committee (2008-2011)

Bankruptcy Court Liaison Committee, Northern District of Illinois

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated,
attorneys listed in this Web site are not certified by the Texas Board of
Legal Specialization.

- Representative of the Office of the U.S. Trustee (2007-2008)

American Bankruptcy Institute

## Presentations

- "Commercial Real Estate in Distress" Chicago Bar Association Young Lawyers Section Bankruptcy Seminar (October 7, 2010)
- "Mortgage Fraud," presented by the Office of the United States Trustee, Chicago Bar Association Young Lawyers Section Bankruptcy Committee Meeting (2008)

## Publications

- Author, " U.S. Supreme Court Resolves Circuit Split In Favor Of Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy Cases," One Minute Memo - Seyfarth Shaw (June 4, 2012)
- Co-author, "Not All Retirement Plans Are Created Equal - ERISA Top-Hat Plans Constitute Property of the Bankruptcy Estate," *American Bankruptcy Institute Journal* (September 2011)
- Co-author, "Seventh Circuit Upholds Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy," Seyfarth Shaw *One Minute Memo* (July 15, 2011)
- Co-author, "Lenders' Right to Credit Bid Tested Before 7th Circuit" *The National Law Journal* (November 29, 2010)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated,
attorneys listed in this Web site are not certified by the Texas Board of
Legal Specialization.



**Ryan Pinkston**
*Associate*
Chicago
Direct: (312) 460-5578
Fax: (312) 460-7578
rpinkston@seyfarth.com
vCard

## Biography

**Practices & Sectors**

**Commercial Litigation**

Bankruptcy, Workouts & Business Reorganization

Mr. Pinkston is a bankruptcy associate in the Chicago office of Seyfarth Shaw LLP.  Mr. Pinkston's practice focuses on bankruptcy litigation, creditor rights, corporate reorganizations, pre-bankruptcy planning and negotiations, and commercial litigation.  Among other representations, Mr. Pinkston serves as counsel for secured lenders, insurance companies, national banks, trade creditors, and chapter 7 and chapter 11 bankruptcy trustees.  He has represented clients in both state and federal trial and appellate courts in such diverse areas as commercial real estate foreclosure, mass torts, insurance coverage disputes, chapter 11 plan confirmation, bankruptcy asset sales, preference and fraudulent transfer prosecution and defense, breach of contract, and civil rights.

Mr. Pinkston was recognized as a member of Seyfarth Shaw's 2010 Pro Bono Team of the Year and as runner-up for 2010 Pro Bono Associate of the Year.  He is also an active member and committee chair on the Associate Board of Ambassadors for the American Cancer Society of Illinois.

### Education

- J.D., Indiana University - Bloomington (2008)
  *magna cum laude*
  Articles Editor, *Federal Communications Law Journal*
  Order of the Coif
  Dean's List (2005-2008)
- B.A., Washington University in St. Louis (2005)

### Admissions

- Illinois

### Courts

U.S. District Courts for the Northern, Central, and Southern Districts of Illinois

### Affiliations

- Chicago Bar Association
- American Cancer Society of Illinois, Associate Board of Ambassadors (Chair, Discovery Ball Sub-Committee)
- Turnaround Management Association

### Presentations

- Co-presenter, "Practice Pointers in Preference Litigation," Chicago Bar Association (April 5, 2011)

### Publications

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

- Co-author, "Second Circuit's Opinion May Insulate Payments Previously Beyond Bounds Of Bankruptcy Code Section 546(e)," *Seyfarth Shaw One Minute Memo* (September 7, 2011)

- Co-author, "Identifying Corporate and Personal Liability: Issues for D&Os in the Zone of Insolvency," *Business Law & Governance* (June 2011)

- Co-author, "The Implied Warranty of Habitability in Illinois: A Critical Review," 98*Illinois Bar Journal* 92 (February 2010)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

# Exhibit 3

14488632v.1

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 09/10/09 | N. Bouchard | Multiple phone calls to local firearm dealers regarding sale of assets. | 0.80 | 84.00 |
| 09/16/09 | G. Paloian | Telephone conference with Steve Brown regarding case status and investigation; review memo regarding Debtor assets. | 0.50 | 270.00 |
| 09/16/09 | G. Paloian | Telephone conferences regarding gun collection and auctioneer services. | 0.30 | 162.00 |
| 09/17/09 | G. Paloian | Telephone conferences with auctioneers regarding sale of gun collection and licensing requirements (.40); telephone conferences with realtor regarding sale of time shares (.30). | 0.70 | 378.00 |
| 09/17/09 | N. Bouchard | Phone call with potential buyer regarding Debtor's firearm collection. | 0.20 | 21.00 |
| 09/18/09 | N. Bouchard | Follow-up with Debtor's attorneys regarding sale of assets. | 0.30 | 31.50 |
| 09/23/09 | G. Paloian | Telephone conference with Listing agent regarding sale of time share. | 0.30 | 162.00 |
| 09/25/09 | N. Bouchard | Draft motion to retain HRA Realty regarding sale of Debtor's timeshare interests for G. Paloian. | 0.80 | 84.00 |
| 09/28/09 | N. Bouchard | Revise HRA Realty retention application for G. Paloian. | 0.20 | 21.00 |
| 09/29/09 | N. Bouchard | Phone conversation with Dan Kull regarding retention to liquidate Debtor's gun collection (.20); telephone call with Trustee regarding same (.10). | 0.30 | 31.50 |
| 10/02/09 | N. Bouchard | Phone call to Dan Kull regarding liquidation of Debtor's gun collection. | 0.10 | 10.50 |
| 10/05/09 | N. Bouchard | Phone conversation with Dan Kull regarding contract and commission to auction Debtor's gun collection. | 0.20 | 21.00 |
| 10/09/09 | N. Bouchard | Phone conversation with Dan Kull regarding contract to auction Debtor's gun collection. | 0.10 | 10.50 |
| 10/12/09 | G. Paloian | Telephone conference with gun auctioneer regarding terms of engagement and handling and processing of gun collection. | 0.40 | 216.00 |
| 10/26/09 | N. Bouchard | Phone conversation with Debtor's counsel regarding liquidation of firearms (.20); conversation with Dan Kull regarding same (.20). | 0.40 | 42.00 |
| 10/28/09 | N. Bouchard | Revise motion to retain HRA Realty (.30); prepare motion to retain Dan Kull as auctioneer (1.00). | 1.50 | 157.50 |
| 11/02/09 | G. Paloian | Revise applications to retain real estate broker (.20) and auctioneer (.30). | 0.50 | 270.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 11/02/09 | N. Bouchard | Prepare Daniel Kull declaration regarding application for retention of auctioneer (.50); prepare realtor declaration regarding retention of same (.50); phone call to Debtor's counsel regarding Debtor's interest in purchasing property from Estate (.20). | 1.20 | 126.00 |
| 11/03/09 | N. Bouchard | Revise application to retain realtor (.10); revise application to retain Dan Kull (.10); phone conversation with broker at HRA Realty regarding execution of declaration for retention application (.10); correspondence to same enclosing declaration for execution (.20); correspondence to Dan Kull enclosing declaration for execution regarding retention application (.20). | 0.70 | 73.50 |
| 11/09/09 | N. Bouchard | E-mail correspondence to Dan Kull regarding execution of declaration to retention application (.10); phone conversation with Gynne O'Dare at HRA Realty regarding execution of declaration to retention application (.20). | 0.30 | 31.50 |
| 11/12/09 | N. Bouchard | Follow-up email to Dan Kull regarding declaration for retention application. | 0.20 | 21.00 |
| 11/16/09 | J. Sowka | Review and revise motion to retain auctioneer. | 0.20 | 62.00 |
| 11/16/09 | J. Sowka | Review and revise motion to retain broker. | 0.20 | 62.00 |
| 11/16/09 | J. McManus | Edit motion to retain auctioneer (.10); confer with N. Bouchard regarding same (.10). | 0.20 | 46.00 |
| 11/17/09 | M. Pinkston | Conference with N. Bouchard regarding motions for retention of auctioneer and realtor. | 0.20 | 56.00 |
| 11/17/09 | N. Bouchard | Revise retention applications to retain. | 0.30 | 31.50 |
| 11/18/09 | N. Bouchard | Prepare motion to retain Seyfarth Shaw (.80); prepare affidavit of James Sowka regarding same (1.50). | 2.30 | 241.50 |
| 11/20/09 | J. Sowka | Review and revise application to retain Seyfarth Shaw as counsel and accompanying affidavit. | 0.20 | 62.00 |
| 11/20/09 | N. Bouchard | Revise Trustee's motion to retain Seyfarth Shaw(.20); cause same to be filed with the Court (.20); oversee service of same (.20); revise Trustee's motion to retain Kull Auction & Real Estate Co. (.20); cause same to be filed with the Court (.20); oversee service of same (.20); revise Trustee's motion to retain HRA Realty, Inc. (.20); cause same to be filed with the Court (.20); oversee service of same (.20). | 1.90 | 199.50 |
| 12/10/09 | M. Pinkston | Review trustee's motion to retain Seyfarth Shaw as counsel, motion for approval of hiring real estate agent, and motion for approval of hiring auctioneer in preparation for hearing | 0.80 | 224.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 12/10/09 | M. Pinkston | Represent G. Paloian as trustee at hearing on trustee's motion to retain Seyfarth Shaw as counsel, motion for approval of hiring of real estate agent, and motion for approval of hiring auctioneer | 0.50 | 140.00 |
| 01/04/10 | N. Bouchard | Follow-up email to Dan Kull regarding status of sale of gun collection (.20); correspondence to HRA Realty regarding status of sale of time share interests (.30). | 0.50 | 55.00 |
| 01/13/10 | N. Bouchard | E-mail to D. Kull regarding liquidation of firearms for G. Paloian (.10); phone conversation with Gwenn O'Dare at HRA Realty regarding efforts to sell Debtor's timeshare weeks (.20). | 0.30 | 33.00 |
| 01/27/10 | N. Bouchard | Review listings regarding sale price of time share weeks for G. Paloian (.50); e-mail correspondence to Debtor's counsel regarding detailed description of antique slot machine (.10). | 0.60 | 66.00 |
| 01/29/10 | N. Bouchard | E-mail correspondence to Chris Matsakas regarding liquidation of antique slot machine. | 0.20 | 22.00 |
| 02/08/10 | M. Pinkston | Conference with N. Bouchard regarding retention of professional to sell antique slot machine | 0.10 | 29.50 |
| 02/10/10 | N. Bouchard | Prepare motion to retain Chicago Liquidator Service regarding antique slot machine. | 1.00 | 125.00 |
| 02/11/10 | N. Bouchard | E-mail correspondence with Chris Matsakas regarding listing price of antique slot machine. | 0.10 | 12.50 |
| 02/12/10 | N. Bouchard | Revise motion to retain autioneer (.30); revise affidavit regarding same (.20); revise sale agreement (.20). | 0.70 | 87.50 |
| 02/19/10 | M. Pinkston | Review and revise retention application for liquidation service to sell asset of estate | 0.50 | 147.50 |
| 02/22/10 | N. Bouchard | Revise motion to retain Chicago Liquidators Services (.20); e-mail correspondence to Chris Matsakas regarding execution of affidavit for filing of retention motion (.10). | 0.30 | 37.50 |
| 02/23/10 | N. Bouchard | Follow-up e-mail to Chris Matsakas regarding execution of affidavit to retention motion (.10); finalize retention motion (.30); cause same to be filed with the court (.20). | 0.60 | 75.00 |
| 03/02/10 | N. Bouchard | Follow-up email to HRA Realty regarding status of sale of Debtors' timeshare properties. | 0.10 | 12.50 |
| 03/03/10 | N. Bouchard | Review listing of Debtor's timeshare weeks regarding sale of same. | 0.20 | 25.00 |
| 03/18/10 | M. Pinkston | Review motion to retain Chicago Liquidators to sell assets of debtor's estate at auction in preparation for hearing on same (.30); represent Trustee at hearing regarding motion to retain Chicago Liquidators (.30). | 0.60 | 177.00 |
| 03/18/10 | N. Bouchard | Prepare hearing materials for R. Pinkston regarding motion to retain Chicago Liquidator Services. | 0.10 | 12.50 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 03/29/10 | N. Bouchard | Two (2) phone conversation with Chicago Liquidators Services regarding pick-up of assets (.20); e-mail correspondence to Debtor's counsel regarding same (.10). | 0.30 | 37.50 |
| 03/31/10 | N. Bouchard | Confirm receipt of antique slot machine with Chicago Liquidator Services (.10); phone conversation with Chris Matsakas regarding value and auction of same (.30). | 0.40 | 50.00 |
| 04/07/10 | M. Pinkston | Review motion for abandonment of property by trustee | 0.20 | 59.00 |
| 04/12/10 | N. Bouchard | E-mail correspondence to Chris Matsakis regarding estimated value of Debtor's slot machine collection. | 0.10 | 12.50 |
| 04/21/10 | N. Bouchard | E-mail to G. Paloian regarding starting bid for antique slot machine collection (.10); discuss same with Chris Matsakas (.10). | 0.20 | 25.00 |
| 08/27/10 | R. Knapp | Review claims (.10); review retention agreement of HCA and timeshare (.10); review and analyze docket of Quercia non-PI tort claim filed prepetition by Debtor (.30); meet with G. Paloian to discuss (.20); phone call to attorney Hector who represents Debtor in lawsuit (.10). | 0.80 | 176.00 |
| 08/31/10 | R. Knapp | Phone conversation with L. Hector regarding: judgment awarded in favor of debtor and turnover of information to Trustee. | 0.30 | 66.00 |
| 09/10/10 | R. Knapp | Review judgment order and letter received from L. Hector regarding state court action in which Debtor was awarded approximately $25k (.30); online research regarding judgment defendant for whereabouts and information for collection (.10). | 0.40 | 88.00 |
| 09/28/10 | R. Knapp | Phone conversations with L. Hector regarding: judgment against S. Quercia (.20); review judgment order to determine Debtor's interest in judgment (.10); memo to G. Paloian regarding: same (.20). | 0.50 | 110.00 |
| 02/07/11 | J. McManus | Review State Court litigation docket to determine status of Asset No. 11 on Debtor's schedules. | 0.20 | 49.00 |
| 02/08/11 | J. McManus | Confer with G. Paloian regarding pending scheduled litigation (.10); confer with R. Podorovsky regarding same (.10). | 0.20 | 49.00 |
| 03/07/11 | A. Shepro | Confer with J. McManus regarding motion to retain Lois West, CPA (.10); edit same motion (.40). | 0.50 | 42.50 |
| 04/27/12 | R. Knapp | Begin preparation of Seyfarth final fee application. | 0.30 | 72.00 |
| 05/16/12 | R. Knapp | Review/edit time detail in preparation of Seyfarth fee application. | 0.50 | 120.00 |
| 05/20/12 | R. Knapp | Draft Seyfarth final fee application (2.00); prepare coversheet, proposed order and exhibits (.80); review/edit same (.50). | 3.30 | 792.00 |
| | | **TOTALS** | **30.90** | **$6,015.00** |

# Exhibit 4

14488632v.1

## DISBURSEMENTS

**Copying**

| Date | Disbursements | Value |
|------|--------------|------:|
| 11/23/09 | Copying | 3.60 |
| 02/01/10 | Copying | 0.20 |
| 02/23/10 | Copying—Motion to Retain Auctioneer to Conduct Sale of Property | 57.60 |
| | **TOTAL** | **$ 61.40** |